

IT IS SO ORDERED.
Signed July 31, 2013

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
Wendy W. Smith (SBN 133887)
Roya Shakoori (SBN 236383)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531

Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com
Email: Wendy@bindermalter.com
Email: Roya@bindermalter.com

Proposed Attorneys for Debtor and Debtor-in-Possession
MI PUEBLO SAN JOSE, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MI PUEBLO SAN JOSE, INC.,<br><br>    Debtor. | Case No. 13-53893-ASW<br><br>Chapter 11<br><br>Date: July 24, 2013<br>Time: 3:00 p.m.<br>Place: Courtroom<br>       280 South First Street<br>       San Jose, California |

**AMENDED ORDER (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTOR'S UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM POST-PETITION DELIVERY OF GOODS ORDERED PRE-PETITION AND AUTHORIZING DEBTOR TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING PAYMENT FOR GOODS RECEIVED WITHIN TWENTY DAYS OF FILING AND ESTABLISHING ADMINISTRATIVE CLAIMS BAR DATE FOR SECTION 503(B)(9) CLAIMS; AND (III) ESTABLISHING PROCEDURES**

**AND TO ALLOW CLAIMS OF PERISHABLE AGRICULTURAL COMMODITIES ACT AND PACKERS AND STOCKYARD ACT CLAIMANTS**

The Motion for Order (i) Granting Administrative Expense Status to Debtor's Undisputed Obligations to Vendors Arising from Post-petition Delivery of Goods Ordered Pre-petition and Authorizing Debtor to Pay Such Obligations in the Ordinary Course of Business; (ii) Authorizing Payment for Goods Received Within Twenty Days of Filing and Establishing Administrative Claims Bar Date for Section 503(b)(9) Claims; and (iii) Establishing Procedures and to Allow Claims of Perishable Agricultural Commodities Act and Packers and Stockyard Act Claimants (the "Motion") came on for hearing on July 24, 2013. Robert G. Harris, Esq. and Wendy W. Smith of Binder & Malter, LLP appeared for debtor and debtor-in-possession Mi Pueblo San Jose, Inc. ("Mi Pueblo"). Robert B. Kaplan, Esq. of Jeffer, Mangels, Butler & Mitchell, LLP appeared for Wells Fargo Bank, National Association ("WFB"). Other appearances were noted on the record.

The Court has considered the Motion, supporting pleadings, and the argument of counsel. There having been no objection, and good cause appearing therefor IT IS THEREFORE ORDERED that

1. August 31, 2013 is established as the bar date for filing claims under Bankruptcy Code Section 503(b)(9). Mi Pueblo shall file and serve on all creditors not later than August 1, 2013, notice of said bar date. Any holder of such a claim who fails to file his, her, or its claim under Section 503(b) (9) by August 31, 2013, shall be forever barred from doing so. Untimely claims will not be entitled to administrative priority and will be treated as general unsecured claims in the case to the extent that they are allowed.

2. Mi Pueblo is authorized but not required to pay, to the extent necessary in its sole business discretion for goods received within 20 days before the date of the commencement of the case, subject to the requirements of paragraph 6 of this Order.

3. The procedures to identify and resolve 503(b)(9) Claims set forth at paragraph 14 of the Motion are approved <u>except that the following language from paragraph 14(a) is stricken: "[a] holder of an Allowed 503(b)(9) Claim that accepts payment from Mi Pueblo on account of its Allowed 503(b)(9) Claim shall be deemed to have waived, released, and discharged any and all claims of any type, kind, or priority on account of or in connection with its 503(b)(9) Claim against the (I) Debtor, (ii) any former, present or future officer, director or employee of Mi Pueblo, Mi Pueblo's assets and properties, and (iii) any secured creditor or funds constituting cash collateral."</u>

4. Mi Pueblo is authorized but not required to pay, to the extent necessary in its sole business discretion for goods whose proceeds are subject to statutory trusts under either (a) the Perishable Agricultural Commodities Act ("PACA") claimants or (b) the Packers and Stockyards Act ("PSA"), subject to the requirements of paragraph 6 of this Order.

5. The PACA Procedures and PSA Procedures described at paragraphs 24 and 25 of the Motion are approved except that the following language from paragraphs 24(k), and 25(l) is stricken:

    a. Par 24(k): " . . . <u>and any PACA Claimant who accepts payment from Mi Pueblo on account of a valid PACA Claim will be deemed to have</u>

waived any and all claims of any nature, kind or priority against (a) Mi Pueblo; (b) Mi Pueblo's estate and all property of the estate; (c) Mi Pueblo's officers, directors and members; and (d) any funds and other property held in trust by Mi Pueblo that do not constitute "property of the estate."

    b. Par, 25(l): "Any PSA Claimant who accepts payment from Mi Pueblo on account of a valid PSA Claim will be deemed to have waived any and all claims of any nature, kind or priority against (a) Mi Pueblo; (b) Mi Pueblo's estate and all property of the estate; (c) Mi Pueblo's officers, directors and members; and (d) any funds and other property held in trust by Mi Pueblo that do not constitute 'property of the estate.'"

6. Prior to payment of any claim under Bankruptcy Code section 503(b)(9), PACA or PSA pursuant to this Order, Mi Pueblo shall deliver to WFB and its counsel Robert B. Kaplan, Esq. and Nicolas De Lancie, Esq. via electronic mail the invoices, proof of delivery, summary of the foregoing, dates of delivery and any other documents Mi Pueblo deems appropriate (each a "Claim Package"). WFB shall have three business days after the date of its receipt of each Claim Package to review the documentation supplied. If WFB does not object to payment of the claim that is the subject of the Claim Package within the specified time period by delivering its objection to the Claim Package by electronic mail to Mi Pueblo's counsel Robert G. Harris, Esq. or Wendy Smith, Esq., Mi Pueblo may pay that claim. If WFB does

object to payment of the claim, and the parties are unable to resolve the objection through negotiation, then Mi Pueblo shall set a hearing on not less than 20 calendar days' notice on WFB's objection, WFB shall file and serve its objection and any supporting authorities and evidence (the "WFB Brief") on Mi Pueblo and the claimant within 5 calendar days of the date of its objection. Mi Pueblo and the claimant shall file and serve any response to said objection not later than 5 calendar days' after service of the WFB Brief.

7. The suppliers of pre-petition outstanding orders (the "Outstanding Orders") of perishable goods delivered after the Petition Date of July 22, 2013 are granted an administrative expense priority under section 503(b) of the Bankruptcy Code, for all undisputed obligations of Mi Pueblo arising from the acceptance of goods subject to Outstanding Orders and (b) Mi Pueblo is authorized to satisfy such obligations in the ordinary course of business.

APPROVED AS TO FORM:

JEFFER, MANGELS, BUTLER & MITCHELL, LLP

By: /s/ Robert B. Kaplan
    Robert B. Kaplan

Attorneys for Wells Fargo Bank, N.A.

GREENFIELD SULLIVAN DRAA & HARRINGTON LLP

By: /s/ Bernard Greenfield
    Bernard S. Greenfield

Attorneys for Pacific Meat Company

***** END OF ORDER *****

## COURT SERVICE LIST

None required.