JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
(Bar No. 76950)
NICOLAS DE LANCIE
(Bar No. 84934)
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MI PUEBLO SAN JOSE, INC.,<br><br>    Debtor and Debtor-in-Possession. | CASE NO. 13-53893-ASW<br><br>Chapter 11<br><br>**OPPOSITION TO APPLICATION OF PACIFIC MEAT COMPANY FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE UNDER BANKRUPTCY CODE § 503(b)(9)**<br><br>**[NO HEARING SET]** |

**TO: MI PUEBLO SAN JOSE, INC., GAUKEL ENTERPRISES, INC., d/b/a PACIFIC MEAT COMPANY AND THEIR ATTORNEYS OF RECORD AND TO OTHER PARTIES-IN-INTEREST:**

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A. ("Bank") hereby objects to the Application of Pacific Meat Company for Allowance and Payment of Chapter 11 Administrative Expense Claim under Bankruptcy Code § 503(b)(9) ("Application") on the following grounds:

The Application requests an order from the Bankruptcy Court allowing Pacific Meat an administrative expense claim in the amount of $432,642.60 and ordering that administrative expense claim to be paid "pursuant to the provisions of the Code and orders entered by the Court

authorizing payment of Section 503(b)(9) claims." The Application is accompanied by several hundred pages of invoices, which Pacific Meat contends support the Application. No order should be entered on the Application until such time as Pacific Meats sets the Application for hearing, as required by 11 U.S.C. § 503(b), which provides as follows:

> After **notice and a hearing**, there shall be allowed administrative expenses . . . (Emphasis added.)

In addition, no order should be entered on the Application allowing its payment until such time as Mi Pueblo San Jose, Inc. ("Debtor") follows the procedures set forth in that certain Order (I) Granting Administrative Status to Debtor's Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Pre-Petition and Authorizing Debtor to Pay Such Obligations in the Ordinary Course of Business; (II) Authorizing Payment for Goods Received Within 20 Days of Filing and Establishing Administrative Claims Bar Date for Section 503(b)(9) claims and (III) Establishing Procedures and to Allow Claims of Perishable Agricultural Commodities Act and Packers and Stockyards Act ("Procedures Order") which was signed by this Court on July 24, 2013 that has not yet been docketed. The Procedures Order provides in Section 6 as follows:

> **Prior to payment of any claim under Bankruptcy Code section 503(b)(9)**, PACA or PSA pursuant to this Order, Mi Pueblo shall deliver to WFB and its counsel Robert B. Kaplan, Esq. and Nicolas De Lancie, Esq. via electronic mail the invoices, proof of delivery, summary of the foregoing, dates of delivery and any other documents Mi Pueblo deems appropriate **(each a "Claim Package")**. WFB shall have three business days after the date of its receipt of each Claim Package to review the documentation supplied. If WFB does not object to payment of the claim that is the subject of the Claim Package within the specified time period by delivering its objection to the Claim Package by electronic mail to Mi Pueblo's counsel Robert G. Harris, Esq. or Wendy Smith, Esq., Mi Pueblo may pay that claim. If WFB does object to payment of the claim, and the parties are unable to resolve the objection through negotiation, then Mi Pueblo shall set a hearing on not less than 20 calendar days' notice on WFB's objection, WFB shall file and serve its objection and any supporting authorities and evidence (the "WFB Brief") on Mi Pueblo and the claimant within 5 calendar days of the date of its objection. Mi Pueblo and the claimant shall file and serve any response to said objection not later than 5 calendar days' after service of the WFB Brief. (Emphasis added.)

To date, the Debtor has not presented to the Bank a Claim Package with respect to the proposed payment of the Pacific Meat administrative claim as required by Section 6 of the

Procedures Order. If the Bank objects to the Claim Package, then the Debtor is required to set a hearing with this Court to determine whether any Section 503(b)(9) claim can be paid.

Finally, although the Bank recognizes that this is an issue for another day, it is important to note that there are no provisions in 11 U.S.C. § 503 or in the Bankruptcy Code that require the immediate payment of allowed claims under 11 U.S.C. § 503(b)(9). See In re Bookbinders' Restaurant, Inc. (2006) WL 3858020 (Bankr. E.D. Pa. December 28, 2006). For this reason alone, no order should be entered at this time authorizing payment of the Section 503(b)(9) claim requested in the Application.

DATED: August 8, 2013

JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
WALTER W. GOULDSBURY III

By: */s/ Robert B. Kaplan*
　　ROBERT B. KAPLAN, ESQ.
　Attorneys for WELLS FARGO BANK, NATIONAL ASSOCIATION

PRINTED ON RECYCLED PAPER
SF 1499774v1

- 3 - OBJ TO APP OF PACIFIC MEAT ALLOWANCE & PAYMENT CH 11 ADMIN EXPENSE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

*In re: Mi Pueblo San Jose, Inc. Case No. 13-53893-ASW*

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On August 9, 2013 I served the document(s) described as **OPPOSITION TO APPLICATION OF PACIFIC MEAT COMPANY FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE UNDER BANKRUPTCY CODE § 503(b)(9)** in this action addressed as follows:

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on August 9, 2013 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Angela Pereira*

Angela Pereira