JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
(Bar No. 76950)
NICOLAS DE LANCIE
(Bar No. 84934)
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MI PUEBLO SAN JOSE, INC.,<br><br>    Debtor and Debtor-in-Possession. | CASE NO. 13-53893-ASW<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF AZTECA MILLING L.P. FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE UNDER BANKRUPTCY CODE § 503(b)(9)**<br><br>**[NO HEARING SET]** |

**TO: MI PUEBLO SAN JOSE, INC., AZTECA MILLING, L.P., THEIR ATTORNEYS OF RECORD, AND OTHER PARTIES-IN-INTEREST:**

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A. ("Bank") hereby objects to the Motion of Azteca Milling, L.P. for Allowance and Payment of Chapter 11 Administrative Expense Claim under Bankruptcy Code § 503(b)(9) ("Motion") on the following grounds:

The Motion requests an order from the Court allowing Azteca Milling, L.P. ("Azteca") an administrative expense claim in the amount of $119,519.31 and ordering that administrative expense claim to be paid pursuant to that certain Order (I) Granting Administrative

Status to Debtor's Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Pre-Petition and Authorizing Debtor to Pay Such Obligations in the Ordinary Course of Business; (II) Authorizing Payment for Goods Received Within 20 Days of Filing and Establishing Administrative Claims Bar Date for Section 503(b)(9) claims and (III) Establishing Procedures and to Allow Claims of Perishable Agricultural Commodities Act and Packers and Stockyards Act ("Procedures Order") entered on July 31, 2013. The Motion is accompanied by a set of invoices attached as <u>Exhibit A</u> to the Motion, which Azteca contends supports the Motion.

No order should be entered on the Motion until such time as Azteca sets Motion for hearing, as required by 11 U.S.C. § 503(b), which provides as follows:

> After **notice and a hearing**, there shall be allowed administrative expenses . . . (Emphasis added.)

In addition, no order should be entered on the Motion allowing its payment until such time as Mi Pueblo San Jose, Inc. ("Debtor") follows the procedures set forth in the Procedures Order, which provides in Section 6 thereof, as follows:

> **Prior to payment of any claim under Bankruptcy Code section 503(b)(9)**, PACA or PSA pursuant to this Order, Mi Pueblo shall deliver to WFB and its counsel Robert B. Kaplan, Esq. and Nicolas De Lancie, Esq. via electronic mail the invoices, proof of delivery, summary of the foregoing, dates of delivery and any other documents Mi Pueblo deems appropriate **(each a "Claim Package")**. WFB shall have three business days after the date of its receipt of each Claim Package to review the documentation supplied. If WFB does not object to payment of the claim that is the subject of the Claim Package within the specified time period by delivering its objection to the Claim Package by electronic mail to Mi Pueblo's counsel Robert G. Harris, Esq. or Wendy Smith, Esq., Mi Pueblo may pay that claim. If WFB does object to payment of the claim, and the parties are unable to resolve the objection through negotiation, then Mi Pueblo shall set a hearing on not less than 20 calendar days' notice on WFB's objection, WFB shall file and serve its objection and any supporting authorities and evidence (the "WFB Brief") on Mi Pueblo and the claimant within 5 calendar days of the date of its objection. Mi Pueblo and the claimant shall file and serve any response to said objection not later than 5 calendar days' after service of the WFB Brief. (Emphasis added.)

To date, the Debtor has not presented to the Bank a Claim Package with respect to the proposed payment of the Azteca administrative claim as required by Section 6 of the Procedures Order. If the Bank objects to the Claim Package, then the Debtor is required to set a hearing with

1 | this Court to determine whether any Section 503(b)(9) claim can be paid.

2 | Finally, although the Bank recognizes that this is an issue for another day, it is important to note that there are no provisions in 11 U.S.C. § 503 or in the Bankruptcy Code that require the immediate payment of allowed claims under 11 U.S.C. § 503(b)(9). See In re Bookbinders' Restaurant, Inc. (2006) WL 3858020 (Bankr. E.D. Pa. December 28, 2006). For this reason alone, no order should be entered at this time authorizing payment of the Section 503(b)(9) claim requested in the Motion.

DATED: August 26, 2013

JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
WALTER W. GOULDSBURY III


By: */s/ Robert B. Kaplan*
ROBERT B. KAPLAN, ESQ.
Attorneys for WELLS FARGO BANK, NATIONAL ASSOCIATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On August 26, 2013 I served the document(s) described as **OPPOSITION TO MOTION OF AZTECA MILLING L.P. FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE UNDER BANKRUPTCY CODE § 503(b)(9)** in this action addressed as follows:

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on August 26, 2013 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*Angela Pereira*

Angela Pereira