NOSSAMAN LLP
ROBERT S. MCWHORTER (CA 226186)
rmcwhorter@nossaman.com
915 L Street, Suite 1000
Sacramento, CA 95814
Telephone: 916.442.8888
Facsimile: 916.442.0382

- and -

NOSSAMAN LLP
ALLAN H. ICKOWITZ (CA 80994)
aickowitz@nossaman.com
JENNIFER L. MEEKER (CA 260138)
jmeeker@nossaman.com
777 South Figueroa Street, 34th Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Rizo Lopez Foods, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| In re: | Case No: 13-53893-ASW |
| MI PUEBLO SAN JOSE, INC., | Chapter 11 |
| Debtor. | **RIZO LOPEZ FOODS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS UNDER BANKRUPTCY CODE §§ 503(b)(9) AND 507(a)(2)** |
| | Date: October 4, 2013<br>Time: 1:45 p.m.<br>Courtroom: Courtroom 3020<br>Judge: Hon. Arthur S. Weissbrodt |

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Rizo Lopez Foods, Inc. hereby moves this Court for entry of an order allowing an administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(9) and 507(a)(2) and requiring immediate payment thereof (the "Motion"). In support of the Motion, Rizo Lopez Foods, Inc. alleges as follows:

## BACKGROUND

1. On July 22, 2013 (the "Petition Date"), Mi Pueblo San Jose Inc. (the "Debtor") filed a Voluntary Petition under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Specifically, the Debtor operates a chain of independent supermarkets throughout Northern California.

3. On July 31, 2013, this Court entered an Amended Order (I) Granting Administrative Expense Status To Debtor's Undisputed Obligations To Vendors Arising From Post-Petition Delivery Of Goods Ordered Pre-Petition And Authorizing Debtor To Pay Such Obligations In The Ordinary Course Of Business; (II) Authorizing Payment For Goods Received Within Twenty Days Of Filing And Establishing Administrative Claims Bar Date For Section 503(B)(9) Claims; And (III) Establishing Procedures And To Allow Claims Of Perishable Agricultural Commodities Act And Packers And Stockyard Act Claimants (the "Amended Order"). (Docket No. 74.)

4. The Amended Order establishes August 31, 2013 as the bar date for filing an administrative expense claim under section 503(b)(9) of the Bankruptcy Code. Consistent with the Amended Order, Rizo Lopez Foods, Inc. has filed, or will be contemporaneously filing, an administrative expense claim under Bankruptcy Code section 503(b)(9). Rizo Lopez Foods, Inc. has inquired with, but has not received confirmation from, the Debtor's counsel as to whether the Debtor has submitted a "Claim Package" to Wells Fargo Bank as provided under the Amended Order.

## ALLOWANCE OF RIZO LOPEZ FOODS, INC.'S
## ADMINISTRATIVE EXPENSE CLAIM UNDER SECTION 503(b)(9)

5. Section 503(b)(9) is an extension of the scheme of priorities established by Congress in section 507 of the Bankruptcy Code. *In re Pilgrim's Pride Corp.*, 421 B.R. 231, 235 (Bankr. N.D. Tex. 2009). Administrative expense claims are priority claims under section 507(a)(2) of the Bankruptcy Code. *Id*.

6. Section 503(b)(9) of the Bankruptcy Code provides "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including – (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

7. Section 503(b)(9) serves two policy goals. First, it seeks to encourage trade creditors to continue to extend credit to a debtor potentially heading for bankruptcy. *In re Arts Dairy, LLC*, 414 B.R. 219, 220 (Bankr. N.D. Ohio 2009). Conversely, it discourages abuse by debtors who seek to acquire goods at a time when it is known that bankruptcy is imminent and that payment for the goods will not have to be tendered. *Id*.

8. To qualify for administrative priority treatment under section 503(b)(9), a claim must be (1) for goods, (2) that are received by the debtor within the 20 days prior to case commencement, and (3) that are sold to the debtor in the ordinary course of its business. *In re Pilgrim's Pride Corp.*, 421 B.R. at 235. If these elements are met, the creditor is entitled to an administrative expense claim equal to the value of the goods. The invoice or purchase price is presumptively the value of the section 503(b)(9) claim. *In re Semcrude, L.P.,* 416 B.R. 399, 405 (Bankr. D. Del. 2009); 4-503 Collier on Bankruptcy, Sixteenth Edition, ¶ 503.16.

9. Rizo Lopez Foods, Inc. is entitled to a priority administrative expense claim under sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code. Rizo Lopez Foods, Inc. is a California corporation that is in the business of supplying cheese, yogurt, and other food products to food industry establishments in Northern California. During the twenty (20) days prior to the Petition Date (i.e. from July 2, 2013 to July 21, 2013), Rizo Lopez Foods, Inc. sold and delivered goods (collectively, the "Pre-

Petition Goods") on credit to the Debtor in the ordinary course of business. The total value of the Pre-Petition Goods equals $222,910.17. A spreadsheet summarizing the sale and delivery of the Pre-Petition Goods and copies of invoices relating to the delivery of the Pre-Petition Goods, are attached to the Declaration of Mark Ratliff ("Ratliff Declaration") as **Exhibits A and B**, respectively, and are incorporated herein. The amounts currently due and owing to Rizo Lopez Foods, Inc. for the Pre-Petition Goods are compensable as an administrative expense claim under section 503(b)(9) of the Bankruptcy Code and are entitled to administrative expense priority under section 507(a)(2) of the Bankruptcy Code.

### IMMEDIATE PAYMENT OF RIZO LOPEZ FOODS, INC.'S ADMINISTRATIVE EXPENSE CLAIM UNDER SECTION 503(b)(9)

10. Nothing in section 503(b)(9), or elsewhere in the in the Bankruptcy Code, explicitly authorizes the immediate payment of an administrative expense arising under section 503(b)(9). *In re Arts Dairy, LLC*, 414 B.R. at 221. Section 1129(a)(9) of the Bankruptcy Code provides that administrative expense claims must be paid in cash "on the effective date of the plan" unless the holder of the claim has agreed otherwise. 11 U.S.C. § 1129(a)(9). However, section 1129(a)(9)'s requirement of paying administrative expense claims "on the effective date of the plan" constitutes an "outside limit" on the payment of such claims. 4-503 Collier on Bankruptcy, Sixth Edition, Chapter 5, ¶ 503.03 (2013); *In re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr. E.D. Mich. 2008).

11. The timing of the payment of an administrative expense claim under section 503(b)(9) is within the discretion of the Court. *Southern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC)*, 410 B.R. 742, 751 (Bankr. N.D. Ga. 2009). Nothing in the Bankruptcy Code prevents a court from authorizing payment of an administrative expense claim earlier than the effective date of the debtor's plan of reorganization. *In re Arts Dairy, LLC*, 414 B.R. at 221. When considering the propriety of authorizing an immediate payment to an administrative expense claimant, courts generally weigh three factors: (a) prejudice to the debtor; (b) hardship to the claimant; and (c) potential detriment to other creditors. *In re Garden Ridge Corporation*, 323 B.R. 136, 143 (Bankr. D.N.J. 2005).

12. Here, neither the debtor nor other creditors will be prejudiced by immediate payment of Rizo Lopez Foods, Inc.'s administrative expense claim under section 503(b)(9). Under the Amended Order, this Court authorized, but did not expressly direct, the Debtor to immediately pay allowed administrative expense claims under section 503(b)(9), thereby recognizing the importance of paying suppliers and vendors who continue to do business with the Debtor. Rizo Lopez Foods, Inc. regularly provides goods to the Debtor to maintain its business, thereby providing ongoing value to the Debtor and its reorganization. Moreover, the interim cash collateral order permitted the Debtor to pay, and presumably the Debtor has been paying, other administrative expenses, including other creditors holding claims under section 503(b)(9).

13. Rizo Lopez Foods, Inc. is a privately held company. The total value of the Pre-Petition Goods equals $222,910.17, which represents a significant receivable that could negatively impact Rizo Lopez Foods, Inc..

## RESERVATION OF RIGHTS

14. Rizo Lopez Foods, Inc. specifically reserves the right to request further administrative expense claims for any amounts that may become due for the sale, supply and delivery of additional post-petition goods to Debtor and/or, to the extent allowed by law or equity, for the value of pre-petition goods delivered between June 7, 2013 and July 1, 2013, should Rizo Lopez Foods, Inc.'s reclamation pursuant to section 546(c) of the Bankruptcy Code not be obtained. Rizo Lopez Foods, Inc. also expressly reserves all other rights, remedies and interests of and available to Rizo Lopez Foods, Inc., at law or in equity, and any other available claims against the Debtor and the estate.

## RELIEF REQUESTED

**WHEREFORE**, Rizo Lopez Foods, Inc. requests that this Honorable Court enter an order:

A. Allowing Rizo Lopez Foods, Inc. an administrative expense claim relating to the sale of the Pre-Petition Goods pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $222,910.17 and granting such claim administrative expense priority under section 507(a)(2) of the Bankruptcy Code;

B. Directing the Debtor to pay such allowed administrative expense claims immediately or within such other time period as the Court directs; and

C. Granting Rizo Lopez Foods, Inc. such other and further relief as this Court deems appropriate.

DATED: August 30, 2013                             NOSSAMAN LLP


                                                   */s/ Robert S. McWhorter*
                                                   ROBERT S. MCWHORTER
                                                   Attorney for Movant
                                                   RIZO LOPEZ FOODS, INC.

136451_1.DOC