Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
Roya Shakoori (SBN 236383)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531

Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com
Email: Roya@bindermalter.com

Attorneys for Debtor and Debtor-in-Possession
MI PUEBLO SAN JOSE, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MI PUEBLO SAN JOSE, INC.,<br><br>Debtor. | Case No. 13-53893-ASW<br><br>Chapter 11<br><br>**No hearing requested** |

**MI PUEBLO'S DISPUTED 503(B)(9) CLAIMS REPORT**

TO 503(B)(9) CLAIMANTS RICHARD, WEITKEMPER, CROWN EQUIPMENT CORPORATION, LAZER BROADCASTING CORP., AND TRES AMIGOS AUTO SERVICE INC., WELLS FARGO BANK, N.A., THE OFFICIAL UNSECURED CREDITORS COMMITTEE, AND THE UNITED STATES TRUSTEE:

PLEASE TAKE NOTICE that on July 24, 2013, the Bankruptcy Court in this case entered its Order[1] (1) Setting a bar date for the filing of claims by creditors who wish to assert priority under Bankruptcy Code section 503(b)(9), and establishing procedures, allowing claims and authorizing debtor and debtor-in-possession Mi Pueblo ("Mi Pueblo") to pay, in its sole discretion, the pre-petition claims of (a) Perishable Agricultural Commodities Act ("PACA") claimants, (b) Packers and Stockyards Act ("PSA") claimants, and (c) holders of claims entitled to priority under Bankruptcy Code section 503(b)(9).

PLEASE TAKE FURTHER NOTICE that Mi Pueblo disputes the amount of the four 503(b)(9) Claims listed below on the ground that none are entitled to the right of reclamation under applicable law or treatment as administrative claims under Bankruptcy Code section 503(b)(9) because they are not claims for goods delivered to Mi Pueblo. The 503(b)(9) claims disputed are as follows:

///

///

///

///

///

---

[1] That ORDER (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTOR'S UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM POST-PETITION DELIVERY OF GOODS ORDERED PRE-PETITION AND AUTHORIZING DEBTOR TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING PAYMENT FOR GOODS RECEIVED WITHIN TWENTY DAYS OF FILING AND ESTABLISHING ADMINISTRATIVE CLAIMS BAR DATE FOR SECTION 503(B)(9) CLAIMS; AND (III) ESTABLISHING PROCEDURES AND TO ALLOW CLAIMS OF PERISHABLE AGRICULTURAL COMMODITIES ACT AND PACKERS AND STOCKYARD ACT CLAIMANTS (the "Procedures Order"), subsequently amended.

| CLAIMANT | AMOUNT | DATE RECEIVED | CLAIM # & FILING LOCATION | GROUND(S) FOR OBJECTION |
|---|---|---|---|---|
| Crown Equipment Corporation<br>c/o Rodney J. Hinders<br>102 S. Washington St.<br>New Bremen, OH 45869 | $191.75 | 8/30/2013 | Claim#135 filed with Omni | Not for goods delivered |
| Lazer Broadcasting Corp.<br>Attn: Maricela Vasquez<br>200 South A Street, 4th Fl<br>Oxnard, CA 93030 | $8,412.25 | 9/9/2013 | Claim# 187 filed with Omni | Not for goods delivered<br><br>Untimely |
| Tres Amigos Auto Service Inc.<br>560 E Gish Rd<br>San Jose, CA 95112 | $457.27 | 9/9/2013 | Claim# 188 filed with Omni | Not for goods delivered<br><br>Untimely |
| Rich Weitkemper Advertising<br>c/o William R. Weitkemper, Owner<br>17815 E. 30th Street South<br>Independence, MO 64057 | $72,314.02 | 8/23/2013 | Received by Binder and Malter only | Not for goods delivered<br><br>No filed with Court or Claims Agent |

PLEASE TAKE FURTHER NOTICE that the following procedure applies if you wish to respond to this Disputed 503(b)(9) Claims Report:

    i.    No later than twenty (20) days following the service of the Disputed 503(b)(9) Claims Report, a 503(b)(9) Claimant who disputes Mi Pueblo's

determination must provide Mi Pueblo with evidence or documentation demonstrating the basis for the dispute, including a statement identifying which information in the Disputed 503(b)(9) Claim Report is incorrect, specifying the correct information and stating any legal or factual basis for the objection. Objections must be served on (i) the Office of the United States Trustee, (ii) counsel to Mi Pueblo; (iii) counsel to Wells Fargo Bank, N.A., and (iv) counsel for any statutory committee.

  ii. With respect to each 503(b)(9) Claim in the Disputed 503(b)(9) Claims Report as to which no objection is timely received, such 503(b)(9) Claim shall be deemed to be an invalid 503(b)(9) Claim (in whole or in parts specified in the Disputed 503(b)(9) Claims Report) without further order of the Court and, to the extent invalid, shall not be entitled to a distribution on account of a 503(b)(9) Claim.

  iii. With respect to each 503(b)(9) Claim in the Disputed 503(b)(9) Claims Report as to an objection is timely received and the parties resolve the objection, the 503(b)(9) Claim shall be treated as an Allowed 503(b)(9) Claim or a disallowed 503(b)(9) Claim, in whole or in part, as agreed to by the parties, without further order of the Court, upon the filing of a settlement report describing the resolution with the Court.

  iv. With respect to each 503(b)(9) Claim in the Disputed 503(b)(9) Claims Report as to an objection is timely received and the parties cannot resolve the objection within fourteen (14) days of the date of the objection, Mi Pueblo will file a motion to disallow the 503(b)(9) Claim in whole or in part on not less than twenty-eight (28) days notice. Any opposition to such a motion may be filed no later than fourteen (14) days prior to the hearing and any reply shall be filed no later than

seven (7) days prior to the hearing. To the extent the Court deems appropriate, the Court may order an evidentiary hearing to resolve any disputed questions of fact.

Dated: September 25, 2013  BINDER & MALTER, LLP


By: /s/ Robert G. Harris
 Robert G. Harris

Attorneys for Debtor and Debtor-in-possession
MI PUEBLO SAN JOSE, INC.