Walter J. Schmidt, SBN 48630
CRABTREE SCHMIDT
1100 14TH Street, Suite E
Post Office Box 3307
Modesto, CA 95353-3307
Telephone: (209) 522-5231
Facsimile : (209) 526-0632

Attorneys for Creditor
NuCal Foods, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:                                      CASE NO: 13-53893-ASW

MI PUEBLO SAN JOSE, INC.,                   Chapter 11

    Debtor and Debtor-in-Possession,        **OBJECTION TO DEBTOR-IN-POSSESSION MI PUEBLO SAN JOSE, INC.'S DISCLOSURE STATEMENT FILED APRIL 15, 2014**

                                  /

DATE: April 24, 2014
TIME: 9:00 a.m.
PLACE: Courtroom: 3020
           280 South First Street
           San Jose, CA 95113

Judge: Hon. Arthur S. Weissbrodt

    NuCal Foods, Inc. having both a general unsecured claim and a 503(b)(9) claim as a trade creditor hereby objects to the proposed Disclosure Statement as it fails to provide adequate information as required by 11 USC 1125 concerning the "Trade Credit Program" as referenced on

pages 3 - 5. Even though the "Trade Credit Program" is stated to be critical to the success of the Plan of Arrangement through the participation of holders of valid 503(b)(9) claims there is only a hint given as to what each 503(b)(9) holder will be obligated to do under the plan and the terms and conditions to be imposed. For instance, the plan itself as proposed at page 21, lines 11-13 states:

> "(c) to partipate in the Trade Credit Program, vendors must agree to extend trade credit for no less than three years and agree to other terms and conditions to be outlined by Mi Pueblo or Reorganized Mi Pueblo;...

When one reads the phrase "to be outlined" it telegraphs that it is not there now but will come in the future.

NuCal Foods cannot be expected to have sufficient information on what is described as a critical element to success of a plan of arrangement when other terms and conditions are to be outlined later and the information contained on pages 3, 4 and 5 of the proposed Disclosure Statement are at best ambiguous.

For example, how can a Trade Creditor holding a 503(b)(9) claim opt to accept only a B Note, and in so doing what obligation does such Trade Creditor take upon itself vis-a-vis the mandatory trade credit for three years as well as any other terms and conditions concerning ongoing supply arrangements?

Prior to filing this objection, counsel for NuCal attempted to communicate with whomever at Binder & Malter was willing to discuss NuCal's concerns as to the "Trade Credit Program" and was directed to and left a voice mail message for Robert Harris, which as of 5:00 p.m. April 17, 2014 has not received a response.

Dated: April 17, 2014                              CRABTREE SCHMIDT

By: /s/ Walter J. Schmidt
Walter J. Schmidt
Attorneys for Creditor,
NuCal Foods, Inc.