TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone: (408) 535-5525
Fax: (408) 535-5532
By: EDWINA E. DOWELL (SBN 149059)
    Assistant U.S. Trustee
    JOHN WESOLOWSKI (SBN 127007)
    Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No: 13-53893 ASW |
| MI PUEBLO SAN JOSE, INC., | Chapter 11 |
| | |
| Debtor. | Date: April 24, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 3020 |

## U.S. TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES

      The United States Trustee for Region 17, Tracy Hope Davis (the "UST"), hereby files this Limited Objection to the Disclosure Statement ("DS") and the motion to approve solicitation procedures, filed herein by Mi Pueblo San Jose, Inc. ("Debtor").

      The UST objects on the grounds that the Disclosure Statement does not contain adequate information as required under Bankruptcy Code sections 1125(a) and (b). The UST has spoken with counsel for the Debtor, Cha Cha Enterprises, LLC and Victory Park about these objections, some of which have been resolved. The UST's specific objections are as follows:

UST's Ltd. Objection to Debtor's Disclosure
Statement and Solicitation Procedures     1

**1. Solicitation Procedures Motion, p. 18** -- section 35(b) states that if no votes are received in an impaired class, then that class is deemed to have accepted the plan. This is contrary to 9th Circuit law – *see In re M. Long Arabians,* 103 B.R. 211, 216 (9th Cir. BAP 1989). The Debtor and Victory Park have agreed to defer a Court ruling on this issue until confirmation, since it will only be an issue if no one in a particular class votes.

**2. DS, p. 10** – the class 5 unsecured creditors (whose claims aggregate over $9.7 million per page 36) are receiving a total of $100,000 to be shared pro rata. Debtor may have a difficult time obtaining affirmative votes from this class, based on the small distribution.

**3. DS, p. 43** – the section 1146(a) exemption language goes well beyond what the Bankruptcy Code section states – section 1146(a) only applies to "laws imposing a stamp tax or similar tax." Debtor and Victory Park have agreed to delete and amend the language such that the exemption applies only to the extent of applicable law.

**4. DS, p. 43 et seq** – Debtor has not included in the disclosure statement any discussion of the post-confirmation management of the Debtor, including the identity of the officers and directors. The UST understands that this information will be made available in a "Plan Supplement" to be filed by May 1, 2014. The information should include the identity of any insider to be employed and the nature of their compensation. *See Bankruptcy Code §1129(a)(5).* Also, the Plan Supplement should be filed at least 5 days prior to the voting deadline, so that creditors have this information in a timely way.

**5. DS, p. 61** – Debtor and Victory Park have agreed to define a "de minimus distribution" as anything less than $25.

6. **DS, p. 62-63** – Debtor and Victory Park have agreed that if a check is returned, the Debtor is required to make reasonable efforts to locate the creditor.

7. **DS, pp. 66-68** – the plan contains lengthy and complicated release and exculpation provisions that arguably violate Ninth Circuit rules against third party releases. *See In re Lowenschuss*, 67 F.3d 1394, 1401-02 (9th Cir. 1995) ("this court has repeatedly held, without exception, that Section 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); *In re American Hardwoods, Inc.*, 885 F.2d 621, 626 (9th Cir. 1989); *Underhill v. Royal*, 769 F2d. 1426, 1432 (9th Cir. 1985). This is especially true for the third party releases described in section E. The language is awkward, and forces the reader to look at the plan definitions of "Released Parties" and "Releasing Parties" and to also review the ballot (attached to the solicitation procedures motion), which includes the instructions for opting out of the release. As the UST understands the situation, in order for a creditor to "opt out" of the release, the creditor must either (a) vote to reject the plan, or (b) abstain from voting, but affirmatively opt out of the release provisions. If no ballot is returned, the creditor is deemed to have opted in to the release.

The UST believes that the inclusion of the release provisions is a confirmation issue, and reserves the right to object to these provisions at confirmation. For purposes of the disclosure statement, Debtor and Victory Park have agreed to include a discussion in the disclosure statement clarifying the procedures re opting in or out, and the consequences of each.

8. **Plan** – same as above, as and where applicable.

**9. Plan** – there needs to be a default provision in the plan, to the effect that if the case is converted, then the trustee can properly administer the case. The UST suggests the following or similar language:

If the Debtor materially defaults on any obligations under the Plan, then upon successful post-confirmation motion to convert this case to a case under chapter 7 of title 11, by the United States Trustee or any party in interest, the chapter 7 estate shall consist of all remaining property not already administered. Such remaining property shall be administered by the chapter 7 trustee as prescribed in chapter 7 of the Bankruptcy Code. The Debtor and all interested parties reserve the right to oppose any such motion.

**10. Plan** – there needs to be a provision in the plan that obligates the Debtor to timely file post-confirmation quarterly reports in the form prescribed by the UST.

**11.** The UST reserves the right to make further comments and objections to the plan.

Dated: San Jose, California
      April 21, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/John S. Wesolowski*
Trial Attorney
John S. Wesolowski
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone: (408) 535-5525 ext. 231