

IT IS SO ORDERED.
Signed May 29, 2014

_____
Arthur S. Weissbrodt
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>MI PUEBLO SAN JOSE, INC.,<br>            Debtor. | Case No. 13-53893-ASW<br>Chapter 11 |
| In re<br>CHA CHA ENTERPRISES, LLC,<br>            Debtor. | Case No. 13-53894-ASW<br>Chapter 11 |

**MEMORANDUM DECISION RE: MOTIONS FOR STAY PENDING APPEAL**

Before the Court are the motions of NUCP Turlock, Inc. ("NUCP") for a stay pending appeal filed in each of the above referenced cases. NUCP is represented by attorneys Peter J. Benvenutti and Tobias S. Keller. The motions are opposed by Debtor Mi Pueblo, Inc., which is represented by attorney Robert Harris; Debtor Cha Cha Enterprises, LLC, which is represented by attorney Paul Pascuzzi; Victory Park Capital Advisors, LLC and Victory Park Management, LLC (collectively, "Victory Park"), which are represented by attorney Todd Schwartz; Juvenal Chavez, who is represented by attorney Henry B. Niles, III; and The Official

Committee of Unsecured Creditors of Mi Pueblo San Jose, Inc. (the "Committee"), which is represented by attorney Eric Goldberg.

NUCP, which is an unsecured creditor with filed claims in each case in excess of $11 million,[1] has appealed this Court's orders confirming each of Debtors' plans of reorganization, and seeks what NUCP characterizes as a "limited stay" of those orders. Specifically, NUCP seeks a stay of the provisions of the confirmation orders that approve and implement releases of claims by either Debtor against Juvenal Chavez, members of the Chavez family, and the Chavez family trust, to the extent necessary to enable unsecured creditors to realize the benefit of any such claims that might be pursued following a reversal of the confirmation order(s).

A motion for a stay pending appeal is analyzed under essentially the same standard as that used for injunctive relief: (1) a likelihood of success on the merits; (2) whether appellant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other parties to the proceeding; and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987); In re Wymer, 5 B.R. 802, 806 (9th Cir. BAP 1980). In the Ninth Circuit, courts are to analyze these factors on a "sliding scale," so that a stronger showing of one element may offset a weaker showing of another. A stay may be appropriate where serious questions going to the merits are raised and the balance of hardships tips sharply in movant's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). The Bankruptcy Appellate Panel for the Ninth Circuit has observed

---

[1] Debtors have filed objections to NUCP's claims in both cases.

that, although the power to issue a stay pending appeal should be exercised when any irremediable injury may result from the effect of the order on appeal, that power "should be sparingly employed and reserved for the exceptional situation." Wymer, 802 B.R. at 806 (citations omitted).

As a threshold matter, the Court finds that the limited stay sought by NUCP is not permitted under either general contract principles or the Bankruptcy Code. The plans of reorganization are contracts containing carefully negotiated, mutually dependent provisions. The release provisions were required by Victory Park as a condition to providing exit financing to fund the plans. Under similar circumstances, other bankruptcy courts have refused to permit a partial stay. E.g., In re Convenience USA, Inc., 290 B.R. 558 (Bankr. M.D.N.C. 2003); In re Yellowstone Mountain Club, LLC, 2009 WL 2163528 (Bankr. D. Mont. Jul. 16, 2009).

In Convenience USA, the bankruptcy court denied a partial stay of a confirmation order staying only provisions for assumption and assignment of certain leases. The court reasoned that a partial stay would effectively

> modify the plan of reorganization that was submitted to creditors and other parties in interest, who voted to approve the plan submitted to them, and not a plan subsequently tailored to suit a disgruntled appellant. Such an anomalous result is totally inconsistent with the disclosure requirements under § 1125 of the Bankruptcy Code and the rights of creditors, pursuant to § 1126, to vote on the plan disclosed to them.

290 B.R. at 561. Such is the case here. The Debtors' plans of reorganization are complex and contain numerous interrelated provisions. The debtor releases are an essential component of the consideration for the exit financing, and NUCP Turlock admits that

3

it has found no cases whatsoever to support the notion that a bankruptcy court may grant a partial stay in this situation.

NUCP cites <u>In re Thorpe Insulation Co.</u>, 677 F.3d 869 (9th Cir. 2012). However, <u>Thorpe Insulation</u> is distinguishable. In that case, the Ninth Circuit Court of Appeals considered the question of equitable mootness in the context of an appeal of a confirmation order. The Court of Appeals held that the appeal was not equitably moot, despite the fact that the plan had been substantially consummated, because, under the facts of that case, the bankruptcy court could fashion some relief if the order were reversed. <u>Id.</u> at 883. The Court of Appeals did not have before it the question of the propriety of granting a partial stay of a confirmation order pending appeal.

Even if this Court could grant a partial stay pending appeal, for the reasons explained below, NUCP has not met its burden to show that any stay is appropriate.

**1. Likelihood of Success on the Merits**

NUCP argues that there are serious questions going to the merits of its appeal. Specifically, NUCP challenges this Court's findings that the Plans were proposed in good faith and the Court's overruling of NUCP's evidentiary objections. NUCP also contends that the expedited nature of the confirmation hearing deprived NUCP of a reasonable opportunity to develop and present its objections. The Court's good faith finding will be reviewed under a clearly erroneous standard, meaning that if there is any evidence to support the finding, the appellate court must affirm. Here, the Court's finding was based on the extensive and essentially

uncontradicted evidence before the Court that the plans were negotiated at arms' length and after extensive marketing efforts. In the context of the disclosure statement hearing, NUCP questioned whether the Chavez family had engaged in self-dealing in the management of the Debtors, but offered no proof to that effect. However, the Creditors' Committee provided evidence that it had engaged in its own substantial investigation into these matters and discovered nothing that warranted the Committee's withdrawal of support for the plans. At the confirmation hearing, the Court permitted NUCP to cross-examine Mr. Chavez, albeit on a limited basis, but that cross-examination revealed nothing that raised questions as to whether the Plans were proposed in good faith.

Further, as noted by this Court at the confirmation hearing, NUCP has been litigating with Mi Pueblo for some time dating back to well before these bankruptcy cases were filed. NUCP could have, but did not, raise issues and/or take discovery relating to alleged conflicts and/or lack of good faith at any time during these bankruptcies – and certainly as of the time of Debtor's motion for approval of DIP and exit financing in early March 2014.

**2. <u>Relative Hardships</u>**

The Court finds that a stay pending appeal of the confirmation orders would cause irreparable harm to the Reorganized Debtors. Debtor Mi Pueblo is required to post a $3.5 million workers' compensation bond by June 1, 2014. According to the declaration of John Zott, Chief Financial Officer of Mi Pueblo, Mi Pueblo will not have sufficient cash to post the bond without the exit financing provided for in the plan, and without workers' compensation

Case: 13-53893    Doc# 931    Filed: 05/29/14    Entered: 05/29/14 15:07:33    Page 5 of 8

insurance, Mi Pueblo will be forced to cease operations. Collectively, Debtors employ approximately 2,700 people across California. Absent the exit financing, Mi Pueblo's 21 grocery stores, which cater to the area's underserved Hispanic population, would be forced to close, and those 2,700 employees would be put out of work. The liquidation of Mi Pueblo would likely be devastating to Cha Cha as well, given that Mi Pueblo is Cha Cha's primary source of income.

It is important to note that NUCP does not seek a stay of the entire confirmation orders. Indeed, NUCP concedes that a stay of the entirety of the confirmation orders is neither feasible nor realistic given "the dynamics and financial needs of an operating business, and of the reliance that numerous parties . . . are going to place on the reorganized entity." Nevertheless, NUCP argues that if a "limited stay" is not granted, NUCP's appeal rights may be rendered moot by the substantial consummation of the plan. However, as illustrated by the analysis in <u>Thorpe Insulation</u>, appellate courts may well not find equitable mootness where there is effective relief that can be fashioned if a confirmation order is reversed, even where the plan has been substantially consummated. <u>See</u> <u>Thorpe Insulation</u>, 677 F.3d at 883 (suggesting examples of relief that could be fashioned upon reversal, including return of funds, modification of plan, replacing management).

### 3. **Public Interest**

NUCP argues that the public interest weighs in favor of a stay because NUCP's appeal should be decided on the merits, and the good faith requirement is a critical part of plan confirmation and

central to preserving the integrity of the bankruptcy process.  The Court agrees that these are important considerations, but, as noted above, a finding of equitable mootness is not necessarily a certainty, and the public interest would not be served by forcing Debtors into a liquidation.

    For the foregoing reasons, the motions for stay pending appeal are denied.  Counsel for each Debtor may submit a proposed form of order in each of their respective cases.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

COURT SERVICE LIST

All parties are ECF participants.