MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
MICHAEL C. ABEL (CSBN 187743)
SHANE J. MOSES (CSBN 250533)
219 9th Street
San Francisco, California 94103
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for MI PUEBLO, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MI PUEBLO, LLC fka MI PUEBLO SAN JOSE, INC.,<br><br>Reorganized Debtor. | Case No. 13-53893-ASW<br><br>Chapter 11<br><br>**DEBTOR'S REPORT REGARDING POST-CONFIRMATION ISSUES AND FINAL DECREE** |

Mi Pueblo, LLC ("Mi Pueblo"), the reorganized Debtor in the bankruptcy case of Mi Pueblo San Jose, Inc., hereby submits this post-confirmation status report in response to the Court's letter, dated February 3, 2015. The Court requested an update regarding the following issues: (i) whether the Debtor is in default under the terms of the confirmed plan; (ii) extent of plan consummation; and (iii) remaining steps necessary before application for final decree.

## I. Introduction

Mi Pueblo's chapter 11 plan became effective on May 30, 2014. Mi Pueblo has been working diligently since that time to resolve all remaining issues. All issues regarding NUCP Turlock's claim, its appeal of the confirmation order and remaining disputes have been resolved. Mi Pueblo has resolved all disputes regarding fees and expenses requested by professionals. Mi Pueblo continues to work on resolving all asserted proofs of claims for which it is responsible and numerous state court actions brought by personal injury plaintiffs.

Mi Pueblo has proceeded in a manner that is as efficient as possible for all parties, and has tried to reach resolution without litigation where possible. In light of these efforts, Mi Pueblo is hopeful that it will be able to resolve the remaining issues in the case within the next several months, and intends to close this case by June 30, 2015.

The Creditors Representative ("CR"), the successor to the Creditors Committee, is responsible for certain remaining issues in the case, including distributions to general unsecured creditors, objections to certain claims, and the preference actions that it is authorized to litigate. Mi Pueblo is cooperating with the CR, but it is not in control of these aspects of the case.

## II. No Defaults Under the Plan

Mi Pueblo believes that it is in full compliance with all of its obligations under the confirmed plan of reorganization ("Plan").

## III. Consummation of the Plan

All required payments have been made. All transfers of property required under the Plan have been completed.

Mi Pueblo understands that the CR is reviewing the general unsecured claims in the case and will, as necessary, object to proofs of claims. Mi Pueblo understands that the distribution to unsecured creditors will be made in the near future.

The appeal involving NUCP Turlock and all related issues have been resolved.

## IV. Remaining Tasks

The most significant remaining task in the case is the prosecution of potential avoidance actions by the CR. Mi Pueblo has been working with the CR to provide information regarding potential defendants in such actions as well as business records relevant to potential defenses.

It is difficult for Mi Pueblo to predict exactly how many such actions will be filed and the length of time that will be required before resolution. Mi Pueblo will cooperate with the CR and work to bring these matters to conclusion as promptly as possible.

There are a number of pending state court actions involving pre-petition claims. Any actions against Mi Pueblo are barred by the discharge injunction under the Plan. It may be necessary to involve the Bankruptcy Court in obtaining the dismissal of some of these actions, but

1  Mi Pueblo anticipates that it may be possible to obtain dismissal of appropriate cases without
2  intervention of the Bankruptcy Court.  Mi Pueblo is working to accomplish this as promptly as
3  possible.

4  Some of these pending actions are covered by insurance.  Mi Pueblo will be filing
5  stipulations with the Bankruptcy Court clarifying that the plaintiffs are entitled to proceed against
6  the insurance companies but not otherwise entitled to pursue any claims directly against Mi
7  Pueblo or its affiliates, or seek to collect any amounts from Mi Pueblo or its affiliates.

8  Mi Pueblo is eager to obtain a final decree as soon as possible.  As long as the case
9  remains open, Mi Pueblo is responsible for significant quarterly payments to the Office of the
10 United States Trustee.  Mi Pueblo hopes that the case can be concluded by June 2015.  Mi Pueblo
11 is also considering whether it is possible to obtain any relief from the financial burden on account
12 of the quarterly United States Trustee obligations to the extent that the case remains open for the
13 sole purpose of concluding the CR's avoidance actions.

15 DATED: February 23, 2015            McNUTT LAW GROUP LLP

17                                     By:      /s/ *Michael C. Abel*
18                                              Michael C. Abel
                                                Attorneys for MI PUEBLO, LLC